NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. VERNON WHITEHEAD, Defendant. | Cr No. 10-866 (GC)-2 <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the court upon the Motion for Early Termination of Supervised Release ("Motion") under 18 U.S.C. § 3583(e)(1) filed by Defendant Vernon Whitehead ("Defendant"). (ECF No. 50.) The United States of America (the "Government") opposes. (ECF No. 53.) The Court has carefully considered the parties' submissions and decides this motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion for Early Termination of Supervised Release is **DENIED**.

**I.   BACKGROUND**

On February 22, 2012, Defendant pleaded guilty to one count of distributing cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (ECF No. 36 at 1, 6.[1]) On May 30, 2012, the Court sentenced Defendant to 140 months imprisonment, to be followed by a three-year term of supervised release. (ECF No. 38.)

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

1

On June 11, 2021, Defendant was released from federal prison. *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 13, 2023). On December 5, 2022, having served approximately eighteen months of his three-year term of supervised release, Defendant filed a Motion for Early Termination of Supervised Release. (ECF No. 50.) The Government opposed on the grounds that the terms of Defendant's appellate waiver in his plea agreement precluded the Motion. (ECF No. 53 at 1.) Defendant responded to the Government's opposition and asserted that it is within the Court's discretion to end his term of supervised release and that he believes he meets the requisite criteria for the Court to terminate his supervised release. (ECF No. 57 at 1.) Defendant did not make any arguments as to his appellate waiver. (*Id.*)

## II. **LEGAL STANDARD**

"After the expiration of one year of supervised release" a district court may terminate supervised release "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation." 18 U.S.C. § 3583(e)(1). The Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(c) endorses a six-factor test to determine if an offender satisfies the minimal statutory factors to be considered for early termination. If these criteria are met, a district court must then consider the relevant sentencing factors. 18 U.S.C. § 3583(e).

Nevertheless, a defendant may forfeit the right to seek early termination of supervised release through a waiver of his right to appeal, provided: "(1) that the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)).

2

Generally, "plea agreements, although arising in the criminal context, are analyzed under contract law standards." *Damon*, 933 F.3d at 272 (quoting *Corso*, 549 F.3d at 927). A court must examine the text of a plea agreement and then determine whether the language is ambiguous. *Id.* at 272-73. "[W]aivers of appeals should be strictly construed." *United States v. James*, 928 F.3d 247, 252 (3d Cir. 2019) (quoting *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)). At the same time, any ambiguity in a plea agreement is construed against the drafter. *United States v. Gebbie*, 294 F.3d 540, 551-52 (3d Cir. 2002). "Because of the Government's advantage in bargaining power, [the Third Circuit], and numerous other courts of appeals, construe ambiguities in plea agreements against the Government." *Id.* at 552.

### III. DISCUSSION

"Before reaching the merits, [the Court] must decide whether the appellate waiver before [it] bars [the] appeal." *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013). Defendant has not challenged the voluntariness of his appellate waiver. He argues only that he is a changed man, and that his conduct during his term of supervised release illustrates that fact.[2] (*See* ECF No. 50.) Defendant's conduct is highly commendable; however, "[s]uch considerations present a judgment call at best, and do not rise to the level of a miscarriage of justice." *United States v. Spencer*, Cr. No. 09-806, 2022 WL 676924, at *1 (D.N.J. Mar. 7, 2022); *see also United States v. Freehauf*, Cr. No. 15-116, 2023 WL 279247, at *3 (D.N.J. Jan. 18, 2023). Thus, the Court must only determine whether a Motion for Early Termination of Supervised Release falls within the scope of Defendant's appellate waiver. (*See* ECF Nos. 50, 57.) In its opposition, the Government argues

---

[2] Based on the Court's review of Defendant's submissions, it appears Defendant has since maintained employment, has become certified in first aid and CPR training, has completed treatment at Recovery Innovations, has paid off all of his institutional fines, and is about to obtain his driver's license. (ECF No. 50 at 1-2.)

3

that it does. (*See* ECF No. 53 at 1.) In doing so, the Government relies primarily on *United States v. Damon*, 933 F.3d at 272. (*See id.* at 4 ("After the Third Circuit's precedential ruling in *Damon*, there is no longer any doubt that motions for early termination of supervised release are barred by a defendant's waiver of challenges to his or her sentence.") In *Damon*, the Third Circuit held that the defendant's challenge to the duration of his term of supervised release fell within the scope of his appellate waiver due to the specific language contained in the appellate waiver. *Damon*, 933 F.3d at 275. The plea agreement in *Damon* included the following language:

> [The defendant] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33.
>
> [*Id.* at 271.]

The agreement also stated:

> [I]n addition to imposing any other penalty on [the defendant], the sentencing judge ... pursuant to 21 U.S.C. § 841, must require [the defendant] to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed.
>
> [*Id.* at 271.]

In *Damon*, the Court held that a term of supervised release is a part of a sentence, and that "[the defendant's] motion . . . questioning his original sentence by seeking to shorten the term of his supervised release [is] [b]y its very nature . . . a challenge to the sentence imposed." *Id.* at 274. The Court further ruled that because the defendant's sentence fell within or below the agreed upon Guidelines range, the language of his appellate waiver precluded such a challenge. *Id.* at 273, 275.

4

Here, the Government argues that *Damon* governs in this case. (*See* ECF No. 53 at 3.) District courts in the Third Circuit have distinguished *Damon* where the Motion for Early Termination of Supervised Release is brought by a probation office, rather than a defendant, or where the language of the appellate waiver is narrower. *See, e.g.*, *United States v. Harris*, Cr. No 14-434, 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021) ("In contrast [to *Damon*], the present matter entails a request for early termination originating with the D.C. Probation Office . . . . It is noteworthy that the Probation Office is not bound by the waiver."); *United States v. Fluellen*, Cr. No. 09-497-1, 2022 WL 309159, at *5 (E.D. Pa. 2022) ("[T]he Third Circuit's decision in *Damon* is inapplicable here because the waiver at issue in that case is different than the waiver here and the Third Circuit's decision turned on the specific language in the waiver in that case.").

Here, the Motion was brought by Defendant himself, not the Unites States Probation Office. (*See* ECF No. 50.) As such, the Court must examine the language of Defendant's appellate waiver contained in Defendant's plea agreement. Defendant's plea agreement includes the following language:

> Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 29, if [Defendant] is determined to be a Career Offender, or 23, if he is not determined to be a Career Offender.

[(ECF No. 36 at 7.)]

The agreement also states:

> [I]n addition to imposing any other penalty on [Defendant], the sentencing judge . . . pursuant to 21 U.S.C. § 841, must require [Defendant] to serve a term of supervised release of at least three

years, which will begin at the expiration of any term of imprisonment imposed.

[(ECF No. 36 at 2.)]

Defendant was deemed a Career Offender, and was sentenced to 140 months imprisonment, which fell below the Guideline range that results from a total Guideline offense level of 29 and criminal history category VI, which is 151 to 188 months. (ECF No. 38.) He was also sentenced to the minimum term of three years of supervised release. (*Id.*) Therefore, as in *Damon*, Defendant's sentence fell within or below the agreed upon Guideline range, and the appellate waiver would apply.

Also, the language of Defendant's appellate waiver is nearly identical to that of the defendant in *Damon*, and the two are functionally indistinguishable when determining their scope. As such, the Court must find that, as in *Damon*, Defendant's appeal of his term of supervised release falls within the scope of his appellate waiver and Defendant's Motion is precluded by the terms of his plea agreement. "[A] contrary conclusion 'would permit an end run around the waiver.'" *Damon*, 933 F.3d at 275 (citing *Wilson*, 707 F.3d at 415, n.2).

Since Defendant's Motion is precluded, the Court need not review the merits under 18 U.S.C. § 3583(e). *Wilson*, 707 F.3d at 414 ("We will enforce an appellate waiver and decline to review the merits of an appeal where we conclude [that the elements establishing that a motion is precluded by the appellate waiver are met]") (citations omitted).

6

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is **DENIED**.[3]  An appropriate Order follows.

Dated: July 21, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[3] The Court commends Mr. Whitehead for his admirable conduct and hard work during his supervised release period. That said, requiring Mr. Whitehead to continue his supervised release does not rise to the level of a miscarriage of justice.